**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dominick Hansberry, | No. CV-26-02028-PHX-SHD |
| Plaintiff, | **ORDER** |
| v. | |
| Intuit, | |
| Defendant. | |

Pending is Defendant Intuit's ("Intuit") Motion to Dismiss Plaintiff Dominick Hansberry's Complaint, (Doc. 9). Hansberry, who proceeds pro se, did not respond to the motion. On April 24, 2026, I issued an order directing Hansberry to respond, and, because prior mail sent to him was returned as undeliverable, to update his address by no later than May 8, 2026. (Doc. 16.) The Clerk's Office mailed the order to Hansberry's physical address and sent it to him by email. As of the date of this order, the April 24, 2026 order has not been returned as undeliverable. The May 8 deadline has passed, and Hansberry has not responded to the pending motion or updated his address.

If a party fails to respond to a motion to dismiss, it may be summarily granted. LRCiv 7.2(i). However, before a district court may dismiss a case for violation of the Local Rules, it must consider five factors: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to defendants, (4) public policy favoring merits dispositions, and (5) the availability of less drastic sanctions. *Wagner v. First Fleet Inc.*, 2023 WL 315282, at \*2 (D. Ariz. 2023) (citing

*Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)).  Here, all five factors favor dismissal.

First, "[t]he fastest and most efficient way to resolve this case is to dismiss this matter."  *Id.*  Accordingly, the first factor favors dismissal.  *See Irvin v. Madrid*, 749 Fed App'x 546, 547 (9th Cir. 2019) ("The public's interest in expeditious resolution of litigation always favors dismissal." (quotation marks omitted)). The second and third factors—the court's need to manage its docket and the risk of prejudice to defendants— also favor dismissal.  Efficient resolution of cases is essential to the management of the docket.  Further, absent dismissal, Intuit will experience some prejudice.  Failure to expeditiously resolve litigation results in ongoing uncertainty and continuing defense costs.

"When assessing the fourth factor, the policy favoring a merits decision, [the] court should look to whether it is likely that [Hansberry's] 'complaint could have survived at the motion to dismiss stage' had it been considered on the merits." *Wagner*, 2023 WL 315282, at *2 (quoting *Espy v. Independence Blue Cross*, 613 Fed. Appx. 633, 634 (9th Cir. 2015)). Here, Hansberry's Complaint would not survive the motion to dismiss stage.  As Intuit articulates in its motion to dismiss, the Complaint violates Federal Rule of Civil Procedure 8(a)(2)'s requirement that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." (*See* Doc. 9 at 3.)  Hansberry's allegations are vague and conclusory, and amount to "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which do not satisfy Rule 8's pleading standard.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  He alleges only that Intuit "violated several infractions . . . such as account holds, delayed processing times, and services not working according to quickbooks"; "lack of training for employees for quickbooks"; and "false information" and that, as a result, he "lost more than 10 million dollars." (Doc. 1-1 at 2–4.)  Such "naked assertions devoid of further factual enhancement" cannot state a claim for relief and must be dismissed.  *Id.* (citation modified).  Because Hansberry's Complaint likely would not have survived the motion to dismiss stage, the fourth factor supports dismissal.

As for the fifth factor, whether less serious sanctions are available, this too weighs in favor of dismissal.  Hansberry has already been ordered to respond to the motion to

dismiss and granted additional time to do so. (Doc. 16.) Further orders directing Hansberry to prosecute his case are unlikely to be fruitful. And given Hansberry's failure to respond to court orders, it does not appear that sanctions short of dismissal would have any effect. Nonetheless, dismissal with prejudice is a harsh punishment. The substance of Hansberry's claims is difficult to discern from the face of the Complaint, and I am hesitant to dismiss with prejudice claims that have yet to take shape. This, together with the early stage of this case, warrants dismissal without, rather than with, prejudice.

Accordingly,

**IT IS ORDERED** dismissing Hansberry's Complaint, (Doc. 1-1), without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 29th day of May, 2026.

Honorable Sharad H. Desai
United States District Judge

- 3 -